**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LAKESOUTH HOLDINGS, LLC,** § § § | |
| Plaintiff, § § | |
|  § | **CASE NO. 3:14-CV-1348-N** |
| v. § § | |
| **ACE EVERT, INC.,** § § | |
| Defendant. § § § § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff has not cured the defects of its Original Complaint (Dkt. 1). Despite amending its patently deficient Original Complaint in response Ace Evert's Motion to Dismiss, Plaintiff's First Amended Complaint (Dkt. 14) (the "Amended Complaint") and its latest claims for indirect infringement remain as deficient as before.

Namely, the addition of yet more speculation and more conclusions of law does not transform a deficient complaint into one that states a plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). These revisions do not cure the original problems and, therefore, do not moot Ace Evert's Motion to Dismiss (the "Motion") (Dkts. 11, 12). Accordingly, Ace Evert stands on its Motion, which, along with this Reply, now applies to the Amended Complaint. *See Holmes v. NFL*, 939 F. Supp. 517, 522 (N.D. Tex. 1996) (stating that a court may treat a motion to dismiss as directed to the amended complaint where the defects in the original complaint reappear in the

amended complaint). Plaintiff has now *twice* failed to adequately plead its causes of action for indirect infringement, namely its claims of contributory, induced, and willful infringement regarding U.S. Patent No. 6,612,713 ("the '713 Patent"). Given this utter failure to cure the pleading deficiency, this Court should grant the motion to dismiss with prejudice without any leave to replead.[1]

## I. PLAINTIFF'S CONTRIBUTORY INFRINGEMENT CLAIM REMAINS INSUFFICIENTLY PLED.

Plaintiff's Amended Complaint still fails to adequately plead its contributory infringement claim. The Amended Complaint, like the original, fails to allege any evidence that that Ace Evert knew of the alleged infringement. This defect is fatal to Plaintiff's claims of indirect infringement, and for this reason, the Amended Complaint should be dismissed with prejudice.

Supreme Court and Federal Circuit precedent are clear that Plaintiff must show that Ace Evert allegedly had knowledge that the combination for which its components were made is both patented and infringing. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) ("a majority of the Court is of the view that § 271 (c) does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing"); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1329-30 (Fed. Cir. 2010) (reiterating that a defendant must know that the combination for which its components were especially made was both patented and infringing). Courts will dismiss

---

[1] While this Reply focuses on Plaintiff's contributory infringement and induced infringement claims, Ace Evert does not waive its argument in its Motion that Plaintiff's willful infringement claim, alleged again in the Amended Complaint, should also be dismissed with prejudice.

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**
<u>**PLAINTIFF'S AMENDED COMPLAINT**</u> **– Page** 2

contributory and induced infringement claims when a plaintiff does not sufficiently allege that the defendant acted with knowledge and knew that the accused product infringed plaintiff's patent. *See e.g.*, *Affinity Labs of Texas, LLC v. Toyota Motor North Am., Inc.*, No. W:13-cv-365, slip op. at *16 (W.D. Tex. May 12, 2014) (dismissing plaintiff's induced and contributory infringement claims for failure to sufficiently plead the knowledge element of both claims); *Aguirre v. Powerchute Sports, LLC*, 2011 U.S. Dist. LEXIS 65003, at *9 (W.D. Tex. June 17, 2011) (dismissing indirect infringement claims because plaintiff did not allege that defendant knew the Powerchute infringed on plaintiff's patent); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356-57 (D. Del. 2010) (dismissing complaint where plaintiff recited the elements for indirect infringement but did not allege sufficient facts to allow the court to infer that defendants had knowledge of the patent at the time they committed allegedly infringing activities).

Plaintiff's conclusory allegation that Ace Evert knew about the alleged infringement (Am. Compl., at ¶ 67) is made without any factual basis or support. Plaintiff's reliance on the alleged 2010 discussions, World Factory's February 2014 letter, and the Original Complaint to show Ace Evert had knowledge of infringement are insufficient.

First, the allegations regarding the 2010 discussions between Home Depot and Ace Evert, and Ace Evert and World Factory (Am. Compl., at ¶¶ 45-47), do not give rise to a plausible inference that Ace Evert had the requisite knowledge of the alleged infringement. Plaintiff broadly describes conversations that occurred in China involving "representatives of Ace Evert" (Am. Compl., at ¶ 46). But these allegations are not even directed to the named defendant, they

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**
<u>**PLAINTIFF'S AMENDED COMPLAINT**</u> – **Page** 3

CHICAGO\4235778.4
ID\KBM - 110926\0001

are directed to completely separate entities.[2] Under Federal Circuit precedent, the *defendant* must know the combination for which its components were especially made were both patented and infringing. *See Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004) (emphasis added) (stating that plaintiff must show that defendant "knew that the combination for which its components were especially made was both patented and infringing"). Even accepting these allegations as true, nowhere does Plaintiff specifically state that it ever told Ace Evert that its products were allegedly both patented and infringing.

Second, the February 2014 letter also neither establishes nor even suggests that Ace Evert knew that its product allegedly infringed the patent-in-suit. The February 2014 letter merely lists a number of World Factory patents, comes from World Factory, not the patentee, LakeSouth, and does not once charge infringement generally or specifically against Ace Evert. *See Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (holding that a 1986 letter did not give sufficient notice as it was "of the kind that companies often send to others without intending to charge infringement"); *Uniboard Aktiebolag v. Acer Am. Corp.*, 118 F. Supp. 2d 19, 25-26 (D.D.C. 2000) (finding the letters to be deficient because they did not come from the actual patentee and did not specifically charge infringement by a specific product or device). The allegation, made on information and belief, that Ace Evert has known about the '713 Patent since 2010 and "certainly" since the February 21, 2014 letter (Am. Compl., at ¶ 69) may be enough to demonstrate knowledge of the patent, but does not show that Ace Evert had

---

[2] The manufacturing facility in China that Plaintiff refers to is a facility owned by a legal entity separate from Ace Evert. In addition, although Plaintiff has named Ace Evert Inc. as the defendant and has alleged that Ace Evert is the U.S. subsidiary of Evertrust Group of China (Am. Compl., at ¶ 3), this is not correct.

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT** – Page 4

knowledge of its allegedly infringing activities. Moreover, Ace Evert's lack of response to the letter (*Id.* at ¶ 52), suggests that Ace Evert *did not* think that its products infringed. In any case, Ace Evert's mere silence should not give rise to an inference that Ace Evert knew that it allegedly infringed.

Third, while Plaintiff is correct that a few cases have held that a complaint provides the knowledge required for a contributory infringement action (Resp. at 3), the majority of courts have held that the mere filing of a complaint is not enough to allege defendant's knowledge. *See e.g.*, *Babbage Holdings, LLC v. Activision Blizzard Inc, et al.*, No. 2:13-CV-750, slip op. at *3-5 (E.D. Tex. May 14, 2014) (dismissing with prejudice plaintiff's indirect infringement claims because the filing of the complaint was not enough to plausibly allege defendant's knowledge); *Aguirre*, 2011 U.S. Dist. LEXIS 65003, at *9 (concluding that mere filing of a lawsuit was not enough to establish defendant's knowledge of the patent and the infringement).

Moreover, even if the filing is found to be sufficient to show Ace Evert's knowledge of the patent, that knowledge would only apply to the time period starting after the filing of the complaint. *See e.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (concluding that defendant was aware of the patent from the date it was served with the complaint). Still, the mere filing of the complaint is not a substitute for adequately alleging the basis of Ace Evert's knowledge of the infringement. *Affinity Labs of Texas, LLC*, No. W:13-cv-365, slip op. at *10 ("[T]he complaint itself must specifically allege the basis of the knowledge element and satisfy requisite pleading standards under *Iqbal* and *Twombly*."). In *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568 (D. Del. 2012), while the Delaware court came to a different conclusion as it had in *Xpoint Techs., Inc.*, 730 F. Supp. 2d

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT** – Page 5

349, it specifically stated that a defendant's receipt of the complaint would constitute the requisite knowledge where the allegations of the complaint sufficiently identified the patent and the allegedly infringing conduct. *Id*. at 574. Here, the allegations of the Amended Complaint do not sufficiently identify the infringing conduct.

Plaintiff appears to contend that it should be excused from pleading any knowledge of infringement. (Resp. at 2-3).[3] Plaintiff's argument that it should not have to provide "detailed factual allegations" of Ace Evert's mental state misses the point (Resp. at 3). The question is whether Plaintiff has any allegation, detailed or not, that Ace Evert was told of the alleged infringement because the focus is on whether Plaintiff told Ace Evert that it believed Ace Evert infringed. *See Amsted*, 24 F.3d at 187 (stating that it is "irrelevant" whether the defendant knew of the patent or of the alleged infringement because the focus is on the patentee's action, not the infringer's state of mind).[4] There is no such allegation.

As a result, the allegations in Plaintiff's Amended Complaint are as conclusory and deficient as they were in the Original Complaint and should be dismissed.

---

[3] Plaintiff's discussion of the motion for summary judgment standard (Resp. at 2-3) is a distraction, as the elements of an indirect infringement claim are the same, no matter the stage of the proceeding. Similarly, Plaintiff's characterization of *Fujitsu Ltd.*, 620 F.3d 1321 is misleading. The court in *Fujitsu* did not hold that the knowledge requirement was "satisfied" (Resp. at 3). It held that there was a genuine issue of material fact as to the knowledge requirement. *Fujitsu Ltd.*, 620 F.3d at 1330. The letter in that case specifically stated that all 802.11 compliant products infringe. *Id*. Here, the February 2014 letter makes no statement regarding infringement of any product by Ace Evert.

[4] While the Federal Circuit's analysis in *Amsted* focused on 35 U.S.C. § 287(a), courts have analyzed the notice requirement of section 287(a) under a similar standard, stating that a patentee must give notice to the accused infringer of the infringement, and mere notice of the patent's existence or ownership is not enough. *See id.; Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) (explaining that notice of the patent and the alleged infringement is a prerequisite to an infringement case); *Fujitsu Ltd.*, 620 F.3d at 1330.

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT** – Page 6

## II. PLAINTIFF'S INDUCED INFRINGEMENT CLAIM IS STILL LEGALLY INSUFFICIENT.

Plaintiff's claim of induced infringement (Am. Compl., at ¶¶ 58-61) remains conclusory and unsupported by specific facts.

First, the same defect described above—Plaintiff's failure to plead that Ace Evert had the requisite knowledge of the patent and alleged infringement, is equally applicable to Plaintiff's induced infringement claim. *See Aguirre, LLC*, 2011 U.S. Dist. LEXIS 65003, at *9 (stating that the knowledge element is required for both contributory or induced infringement); *Affinity Labs of Texas, LLC*, No. W:13-cv-365, slip op. at *12 (explaining that a claim of induced infringement must be supported by allegations that defendant knew his actions would induce actual infringement). Accordingly, Plaintiff's induced infringement claim must be dismissed for the same reasons described above.

Second, the Amended Complaint is still unclear about who is directly infringing, how, and whether any single party took all of the steps to infringe the '713 Patent. Plaintiff's attempt to diminish the importance of the Supreme Court's recent decision in *Limelight Networks, Inc. v. Akamai Techs., Inc.,* 2014 U.S. LEXIS 3817, at *4, 9 (2014) (Resp. at 5) is unconvincing. The Supreme Court in *Limelight* held that liability for indirect infringement must be predicated on direct infringement. *Id.* Plaintiff argues that this case is distinguishable because it deals with apparatus claims (Resp. at 5), but Supreme Court and Federal Circuit precedent does not make such a distinction. In fact, the Supreme Court in *Limelight* relied on its prior decision in *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 365 U.S. 336, 341 (1961), which dealt with apparatus claims, in stating that indirect infringement must be predicated on direct infringement.

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**
<u>**PLAINTIFF'S AMENDED COMPLAINT**</u> **– Page** 7

The Federal Circuit's statement in *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, illustrates the same point: "Absent direct infringement of the claims of a patent, there can be neither contributory infringement or inducement of infringement." 72 F.3d 872, 876 n.4 (Fed. Cir. 1995).

Third, Plaintiff has not sufficiently alleged that Ace Evert induced infringing acts and specifically intended that its actions would induce another party to infringe Plaintiff's patent. *See Aguirre*, 2011 U.S. Dist. LEXIS 65003 at *8 (citing *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003)). Plaintiff still does not provide facts about how Ace Evert actively and knowingly aided and abetted another person's direct infringement. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). For example, while Plaintiff claims that end-users infringe "by using the Accused Umbrellas in combination with another component, such as a base and/or a table…" (Am. Compl., at ¶ 61), there are no facts alleged in the Amended Complaint to show that Ace Evert acted purposefully to induce customers, end-users, or anyone else to infringe. As in *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, 2014 U.S. Dist. LEXIS 28249 (E.D. Tex. Mar. 3, 2014), the facts pled here do not show that Ace Evert took affirmative steps to induce infringement. *Id*. at 22.

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT** – Page 8

### III. CONCLUSION.

For the foregoing reasons and as provided in Ace Evert's original Motion, the Amended Complaint should be dismissed with prejudice. If Ace Evert's Motion is considered moot by this Court, Ace Evert seeks leave to respond or otherwise plead to the Amended Complaint.

Dated: July 11, 2014                              Respectfully submitted,

                                                  _/s/ J. Matthew Sikes_____
                                                  Victor C. Johnson
                                                  State Bar No. 24029640
                                                  J. Matthew Sikes
                                                  State Bar No. 24070622
                                                  Dykema Gossett PLLC
                                                  1717 Main Street, Suite 4000
                                                  Dallas, Texas 75201
                                                  (214) 462-6400 (Telephone)
                                                  (214) 462-6401 (Facsimile)

                                                  **COUNSEL FOR DEFENDANT ACE EVERT, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's ECF system on this 11th day of July, 2014.

/s/ __J. Matthew Sikes__

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT** – **Page** 10